CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 25 2008

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TION TERRELL, ) | |
| Plaintiff, ) | Civil Action No. 7:07cv00518 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| L. R. MONTALBANO, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

This case is presently before the court on plaintiff's "motion for injunctive order" [docket no. 36], seeking an order directing officials at Red Onion State Prison ("ROSP"), in Pound, Virginia, to "make copies of evidentiary documents [plaintiff] possesses."[1] For the reasons that follow, the court will deny plaintiff's motion.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be

---

[1] Plaintiff asserts that he possesses information relevant to Common Fare Diet Review Committee decisions regarding three other inmates, but that ROSP officials refuse to provide him photocopies of these documents. However, given that plaintiff explicitly stated his claims under the free exercise clause of the First Amendment and RLUIPA, and not under the equal protection clause of the Fourteenth Amendment, there is no need for plaintiff to present evidence regarding other inmates' placement on the Common Fare Diet. See Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001) (to succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny). Moreover, plaintiff's complaint and submissions in support thereof clearly indicate that the issue in this case is the constitutionality of the deferral period policy promulgated by the Common Fare Diet Review Committee; that other Common Fare applicants may not have been required to submit to a six month deferral is not relevant to a determination on the constitutionality of the deferral policy.

left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff's allegations do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.[2]

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to plaintiff and to all counsel of record for the defendants.

ENTER: This 25th day of April, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[2] Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.