CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 2 3 2009
JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TION TERRELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00518 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| L.R. MONTALBANO, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Tion Terrell, a Virginia inmate proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq; and the Free Exercise clause of the First Amendment. Terrell challenges the defendant's decision to defer Terrell's Common Fare Diet application for six months. By a prior order, I dismissed Terrell's First Amendment claim and terminated the other defendant. This matter is presently before me on Terrell's and Montalbano's cross supplemental motions for summary judgment about the remaining RLUIPA claim. For the reasons set forth below, I grant Montalbano's supplemental motion for summary judgment, deny Terrell's supplemental motion for summary judgment, and dismiss this case.

I.

I previously recited the applicable facts in the previous memorandum opinion and order dated October 21, 2008 (docket #48, 49), but I will reiterate the facts necessary to rule on the present motions. Terrell arrived at Red Onion State Prison (Red Onion) on April 3, 2007, and Terrell applied for the Common Fare Diet (Diet) on June 14, 2007. The Diet is a religious kosher diet offered at all Virginia Department of Corrections (VDOC) institutions and accommodates inmates' religious dietary needs that cannot be met by the standard menus. Terrell stated in his application that he practiced Islam since 2003, the Diet was mandated by his Islamic beliefs, and

he previously ate the Diet at another institution. Terrell stated that he asked prison officials at Sussex I State Prison (Sussex I) to remove him from the Diet in June 2006. Although his June 2007 Diet application was initially approved at Red Onion, his application was subsequently deferred by the Common Fare Diet Review Committee (Committee) on August 16, 2007, for six months so the prison could evaluate the sincerity of Terrell's religious beliefs by his participation in religious activities and religious holiday observances.

Terrell filed this action on October 29, 2007, arguing that defendant Montalbano, the chair of the Committee, violated Terrell's rights under RLUIPA and the Free Exercise Clause of the First Amendment by deferring his Diet application, forcing Terrell to violate his sincerely held religious dietary beliefs. Montalbano moved for summary judgment on March 24, 2008, asserting that the deferral was reasonable in order to determine whether Terrell's religious beliefs were sincere. I denied Montalbano's motion for summary judgment for RLUIPA, stating that she failed to justify a compelling government interest. I directed her to file a supplemental motion for summary judgment, pursuant to the court's standing order dated May 3, 1996, to address the "least restrictive means in furtherance of a compelling governmental interest" requirement.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts and the inferences drawn from those facts in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to

2

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Fed. R. Civ. Pro. R 56(e). Instead, the non-moving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. Anderson, 477 U.S. at 256-57. While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court does not need to treat the complaint's legal conclusions as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that" the burden is "in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that . . . interest." RLUIPA § 3(a), 42 U.S.C. § 2000cc-1(a). Once "a plaintiff produces prima facie evidence to support a claim alleging a violation" of RLUIPA, "the government shall bear the burden of persuasion on whether [the challenged practice or law] substantially burdens the plaintiff's exercise of religion." Id. § 2000cc-5(4)(A).

In the prior opinion, I found that Terrell sincerely held his avowed beliefs and they are, in Terrell's own scheme of things, religious. See United States v. Seeger, 380 U.S. 163, 185

3

(1965). I also found that the decision to defer Terrell's application for the diet imposed a substantial burden on Terrell's religious exercise. See Thomas v. Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981). The next inquiry is whether the Diet's deferral policy was "the least restrictive means of furthering a compelling governmental interest." Lovelace v. Lee, 472 F.3d 174, 189 (4th Cir. 2006).

A.

Montalbano filed new affidavits with her supplemental motion for summary judgment. Mark Engelke, the Director of Food Service for the VDOC, affirms that, at the time Terrell requested the Diet, the Diet cost approximately $5 to $7 dollars per day versus the regular menu's cost of $1.80 per day. (Aff. Engelke (docket #53) 1). In relative terms, the Diet cost more than double or triple the cost of the regular menu. Engelke also notes that serving alternate menus strains prison officials' ability to supply sufficient, available food quantities to serve all the inmates assigned to particular diets because inmates often attempt to eat from other menus for which they were not approved. Id. at 2. If inmates were permitted to eat from various menus at any given time, inmates would frustrate prison officials' abilities to properly serve all the inmates the correct quantity of menu items at each service. Id. Accordingly, inefficient preparation could result in excess, wasted food, increasing prison costs, or scarcity, leading to poor prison morale and lack of nutrition.

Montalbano describes in her supplemental affidavit what the Committee considers when deciding an inmate's request for the Diet. She affirms that:

> First, the inmate's religion must be on the list of recognized religions. Second, the inmate must, to some extent possible, participate in religious services and programs. . . . Participation is generally defined as attending

4

services or programs twice a month. Third, if the institution does not have religious services for the religion in question, then religious literature should be obtained from the Chaplin for the inmate to read. Fourth, stable institutional adjustment is a possible indicator of sincerity.

(Aff. Montalbano (docket #54) 1-2.) Montalbano notes that Terrell received eight disciplinary charges between June 2006, when Terrell first requested removal from the Diet in Sussex I, and June 2007, when he reapplied for the Diet. Id. at 3. The offenses included lewd acts in the presence of staff, indecent exposure, and delaying or hindering a prison employee. Id. More importantly, Terrell had no documented religious participation prior to him reapplying for the Diet in June of 2007. Id. Montalbano also states that the Committee deferred his request for six months to observe participation in religious programs. Id. The Committee subsequently approved Terrell's Diet request after Terrell demonstrated religious sincerity during the six-month deferral. Id.

In his supplemental motion for summary judgment, Terrell claims to offer several alternatives to the six-month deferral. (Pl. Supplemental Mot. Summ. J. at 5, 3.) Terrell states that the Committee could have simply based its decision on the recommendation of Red Onion officials. Id. at 3. Terrell also believes a proper alternative would be to simply ask the inmate, "Are your dietary beliefs religious in nature and also sincerely held[?]" Id.

B.

When applying the compelling governmental interest standard, courts should give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter v. Wilkinson, 544 U.S. 709, 723

(2005) (quoting joint statement of Sen. Hatch and Sen. Kennedy, RLUIPA's co-sponsors). If Montalbano can provide "an explanation for the policy's restrictions that takes into account any institutional need to maintain good order, security, and discipline or to control costs[,]" that explanation "will be afforded due deference." Lovelace, 472 F.3d at 190. "Context matters" in applying the compelling governmental interest standard, and security deserves particular sensitivity. Id. at 189, 190.

Based on Montalbano's motions for summary judgment and their related affidavits and the requirement that courts give due deference to the expertise and experience of prison officials, I find that the six-month deferral of Terrell's application was the least restrictive means to further a compelling governmental interest. The policy seeks to control direct food purchasing costs from doubling or tripling and to ensure that prison resources are not misallocated, resulting in excess costs or malnourished prisoners. The policy also fosters positive inmate behavior and enhanced security by facilitating inmates' desires for religious transcendence and an exclusive menu in exchange for good behavior and active, voluntary participation in religious programming.

Furthermore, the policy is the least restrictive means because Terrell was not restricted any more than necessary to ensure VDOC's compelling interest. Terrell had the power to determine whether he received the Diet in accordance with the policy. The Committee did not bar Terrell from receiving the Diet, and its deferral determination was not speculative, exaggerated, or based upon post-hoc rationalizations. The Committee received an application from Terrell, who had already repudiated the Diet and his attendant beliefs once before, had various security infractions, and did not have any recently documented religious participation. In

6

this context, a six-month deferral period was the least restrictive means. Terrell could attend programs related to his self-confessed sincerely-held religious beliefs, receive religious documents from the facility's chaplain, and refrain from breaking institutional rules for six months to receive the Diet. The six-month deferral did not exclude Terrell from other Islamic or religious activities but instead supported Terrell's voluntary participation in religious programming.

Terrell's alternatives are clearly not viable because they fail to consider VDOC's compelling government interest. See Anderson, 477 U.S. at 247-48 (stating no genuine issue of material fact exists if reasonable jury could not return a verdict for non-moving party). Although merely asking an inmate if his beliefs are sincerely held would certainly be less restrictive, that alternative abandons the requirement that the restriction further a compelling governmental interest. To allow decisions to be made on this issue by local correctional offices on a subjective, individual basis would be idiosyncratic and would result in different standards being applied. In contrast, the six-month waiting period is the least restrictive means to ensure the VDOC's compelling interest in maintaining quality and appropriate diet for all inmates because it ensures that only those inmates with sincere beliefs receive the more expensive Diet.

Therefore, Montalbano met her burden of persuasion and demonstrated that the six-month deferral of Terrell's application was the least restrictive means in furtherance of a compelling government interest. Accordingly, I grant Montalbano's supplemental motion for summary judgment.

III.

For the foregoing reasons, I grant Montalbano's supplemental motion for summary

judgment, deny Terrell's supplemental motion for summary judgment, and dismiss the complaint.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the respondent.

**ENTER**: This 23rd day of January, 2009.

                                                           Senior United States District Judge

8

Case 7:07-cv-00518-JLK-mfu   Document 55   Filed 01/23/09   Page 8 of 8   Pageid#: 303